## JOHN R. EMERSON v. STATE.

No. A-3615—Opinion Filed Dec. 11, 1920.

(193 Pac. 743.)

(Syllabus.)

EVIDENCE—Evidence of Other Offenses. Evidence of an offense other than the one charged is admissible only when it tends to prove the offense charged. To be competent and admissible, it must have some logical connection with the offense charged.

*Appeal from District Court, Logan County;*

*Arthur R. Swank, Judge.*

John R. Emerson was convicted of assault with intent to kill, and he appeals. Reversed, and a new trial awarded.

*Ben F. Garrett, H. C. Olds,* and *Geo. W. Carry,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall* and *E. L. Fulton,* Asst. Attys. Gen., for the State.

DOYLE, P. J.  Plaintiff in error, John R. Emerson, was convicted of assault with intent to kill and his punishment fixed at eight years' imprisonment in the penitentiary. He has appealed from the judgment rendered upon such conviction.

The information in substance charges that in Logan county, on the 19th day of January, 1919, the defendant, John R. Emerson, did assault and shoot at one H. M. Hardemon with the felonious intent to kill said Hardemon.

The evidence shows that the defendant Emerson, a colored man, conducted a store at the town of Iconium; the complaining witness Hardemon lived nearby; that the difficulty arose in front of the defendant's store, and in the struggle the defendant was shot in the hand. There is a direct conflict in the testimony as to who was the aggressor. The complaining witness testified that the defendant without provocation drew his revolver and shot at him; that during the struggle other shots were fired.

As a witness in his own behalf, the defendant testified that Hardemon, the complaining witness, was the aggressor at all times, and in the struggle shot the defendant through the hand.

In rebuttal the state called Ed. Robertson, sheriff of Logan county, as a witness, who testified that he remembered the occasion when the defendant was charged with having received stolen property, and that witness found said stolen property at the defendant's store in Iconium. This evidence was all admitted against the defendant's objection and exception.

The Attorney General has filed a confession of error, which concludes as follows:

"We cannot help but feel that the admission of this testimony was prejudicial error. The sole and only purpose of the testimony could have been to affect the credibility of plaintiff in error.

"It was not proper rebuttal testimony. It did not tend to prove or disprove any issue in the case, and it was incompetent upon any theory.

"Considering the closeness of the testimony, we feel that an injustice was done plaintiff in error by the admission of this testimony, and that the judgment of the trial court should be reversed."

Generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish a common scheme or plan, embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or to connect the defendant with the commission of the crime charged. *Koontz v. State,* 10 Okla. Cr. 553, 139 Pac. 842, Ann. Cas. 1916A, 689.

As a general rule, subject to exceptions, when a defendant is on trial for a crime, his participation in the commission of another crime wholly unconnected with that for which he is on trial cannot be admitted in evidence against him, and the evidence here admitted against defendant's objection and exception does not fall within any exception to the general rule.

For the error noted, the judgment is reversed, and a new trial awarded.

ARMSTRONG and MATSON, JJ., concur.