### S. E. HUGHES v. STATE.

No. A-7852. Opinion Filed May 16, 1931.
(299 Pac. 240.)

Ralls & Ralls, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant was convicted in the county court of Atoka county of the crime of unlawful sale of intoxicating liquor, and his punishment fixed by the jury at a fine of $50 and imprisonment in the county jail for a period of 30 days.

The defendant complains of numerous errors, but to dispose of the case it will only be necessary to consider one.

The state was permitted to show by the complaining witness that he bought from the defendant the whisky alleged in the complaint, and that also, on other occasions prior to this sale, he had bought whisky from the defend-

ant. The general rule is that the state cannot show that the accused has committed other crimes.

Evidence of an offense other than the one charged is admissible only when it tends to prove the offense charged. To be competent and admissible, it must have some logical connection with the offense charged. Emerson v. State, 18 Okla. Cr. 109, 193 Pac. 743.

Where the state charges and relies upon a particular sale to constitute a violation of the prohibition law, it is error for the court to permit proof of other sales. Smith v. State, 5 Okla. Cr. 67, 113 Pac. 204.

In Alexander v. State, 24 Okla. Cr. 435, 218 Pac. 543, this court said:

"Where the information charged a single sale to a named person on a certain date, proof of other alleged sales to another person at different times and on different occasions was improperly admitted over objection of accused; no question of knowledge, design, intent, or mistake, or other such element entering into the issues formed by the evidence, to make such evidence admissible."

See, also, Satterfield v. State, 32 Okla. Cr. 98, 240 Pac. 151.

In the case at bar, the state relied upon a particular sale. The case was closely contested. The state relied upon the evidence of one witness to prove the sale. The sale was denied by defendant, and he was corroborated by other witnesses who testified that the complaining witness was not at defendant's place of business at the time the sale was claimed to have been made.

For the admission of this incompetent evidence, the cause is reversed.

EDWARDS, J., concurs. DAVENPORT, P. J., absent.