## G. W. CLARK v. STATE.

No. A-9458. June 9, 1939.
(91 P. 2d 686.)

H. W. Wright, of Cherokee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for defendant in error.

DAVENPORT, J. The defendant was by information charged in the county court of Alfalfa county with the crime of unlawfully, willfully, and wrongfully, and with intent to cheat and defraud Oscar Montgomery by means of a false instrument, to wit: a check for $4.25, made payable to the Oscar Montgomery Motor Company, and

drawn on the Central National Bank of Alva, Okla.; was tried on said charge, found guilty, and sentenced to pay a fine of $10. From the judgment and sentence, the defendant appeals.

There is very little conflict in the testimony. The defendant admits that he had some work done at the Montgomery Motor Company, and that he drew a check on the bank named in the information for the sum of $4.25.

Oscar Montgomery claims that he traded the check in payment to another party, and that the party afterwards returned the check to him, saying the bank would not pay the same.

There is no testimony from any of the bank officers or anyone else that the check was ever presented to the bank for payment and refused.

The defendant testified in his own behalf and admitted that he wrote a check for $4.25, and says he delivered the same to C. A. Womack, the mechanic in the place of business of the Montgomery Motor Company, and at the time told him that the money was not in the bank to cover the check at that time, but he would have it there within the next few days.

Womack was not called as a witness in the trial of the case, but the defendant testified that he had deposited the money in the bank a few days after the check was given, and that the money was there to pay the check.

The facts established by the evidence substantially show on behalf of the state that a check for $4.25 was given to the Montgomery Motor Company for work done on the defendant's car. The defendant admits that he wrote the check; and Oscar Montgomery of the Montgomery Motor Company claimed the check was not paid when presented to the bank.

The defendant insists that the mechanic, an agent of the prosecuting witness, understood when he gave the

check that the money was not in the bank to cover it at that time.

In the trial of the case, over the objections of the defendant, the county attorney was permitted to ask the defendant question after question as to whether or not he had given other checks on the bank that had not been paid when presented, going back as far as 12 months before this transaction. A number of the checks he asked about, the defendant denied that he had any knowledge that they were not paid when presented, and denied in several instances that he had given checks as questioned by the county attorney.

The county attorney closed the state's evidence without introducing any testimony whatever to show that the defendant had given, sometime previous to this check in question, checks on the bank that had not been paid when presented.

Defendant has assigned nine errors alleged to have been committed by the court in the trial of his case.

First assignment being that said court erred in overruling the motion of plaintiff in error for new trial.

Second, said court erred in overruling the motion of plaintiff in error for an arrest of judgment.

Sixth, said court erred in admitting incompetent, irrelevant, and immaterial evidence offered by the state of Oklahoma.

Seventh, said court erred in refusing to admit admissible, competent, and legal evidence of the plaintiff in error during the trial of said cause.

Eighth, that the verdict of the jury is contrary to the evidence and law submitted.

Ninth, that said court erred in giving instructions 4, 6, 8, and 10.

The assignments herein set out are the only ones it is deemed necessary to consider.

The assignments considered will be discussed together as they relate to the question of the admission of incompetent testimony, the refusal of the court to permit testimony offered by the defendant, and to the giving of instruction 6.

The record discloses that the defendant, after testifying himself, offered a duplicate deposit slip for the purpose of showing that shortly after he gave the check in question, he had deposited sufficient funds in the Central National Bank of Alva to cover this $4.25 check. The defendant insists that the court erred in not permitting him to show the deposit in the bank to cover the amount of the check in question as there was no positive testimony other than by Oscar Montgomery through the party that Mr. Montgomery had turned the check over to the bank, and the bank had refused payment of the check. This testimony was hearsay.

It is not disputed by the state that the defendant had been carrying an account with the bank upon which the $4.25 check was drawn. The defendant testified that within a certain number of days after the check was drawn, he deposited sufficient funds to cover the check in question and that he had a certificate of deposit from the bank showing that fact which the court refused to permit him to introduce.

In view of the testimony of the defendant that he delivered this check to Mr. Womack, the mechanic of the Montgomery Motor Company business, and told him at the time the funds were not in the bank to cover it, but there would be sufficient funds within five days to take care of the check; notwithstanding, Mr. Montgomery testified that the defendant delivered the check to him.

The defendant's offer of a duplicate certificate in the absence of the state calling any of the bank officials was

a circumstance which he had a right to show. A deposit slip has been recognized by this court and by the Supreme Court as admissible evidence in many cases. White v. State, 36 Okla. Cr. 57, 252 P. 455; Hastings v. Hugo National Bank, 81 Okla. 189, 197 P. 457; Turner v. American National Bank, 83 Okla. 259, 201 P. 514. The court erred in not permitting the introduction of the duplicate certificate of deposit.

The defendant in his motion for a new trial put the court on its notice that what he had testified to in the trial of the case as to the delivery of the check to Mr. Womack was true. He attached an affidavit to his motion for a new trial from the mechanic, Clarence Womack, in which affidavit the witness says that G. W. Clark wrote the check for $4.25 in the back of the Montgomery Motor Company place of business, and gave said check to him; and that Mr. Oscar Montgomery was not present, and did not see the check written. Mr. Womack in his affidavit further states that since delivery of the check, Mr. Montgomery received a card from G. W. Clark asking him to send the check referred to back through in event the bank failed to honor it; that the money was in the bank to pay it.

The mechanic, Womack, was not called as a witness in the trial for the reason that he was not in the community at the time of the trial; and stated in his affidavit in support of the motion for a new trial that he was in Dalhart, Tex.

It is next urged by the defendant that the court erred in permitting the state to go into the question of his having issued checks prior to the time of this check on the bank, and that the check had not been paid when presented, going as far back as 12 months.

No testimony was introduced by any officer of the bank or any one interested in the bank to show that the defendant was in the habit of issuing checks on the bank

when he had no funds to pay them, nor was any testimony introduced by any of the officers of the bank or any one representing the bank to show that the defendant was not carrying an account with the bank; notwithstanding, sometimes his deposit might be exhausted.

In Emerson v. State, 18 Okla. Cr. 109, 193 P. 743, in the syllabus the court said:

"Evidence of an offense other than the one charged is admissible only when it tends to prove the offense charged. To be competent and admissible, it must have some logical connection with the offense charged."

The questions propounded to the defendant by the county attorney, over his objections, as to the former checks issued, had no logical connection with the offense charged in this case. In fact, there was no testimony whatever introduced by the state showing that the defendant had been guilty of issuing the checks inquired about by the state.

In Hughes v. State, 51 Okla. Cr. 11, 299 P. 240, the court in the syllabus stated:

"Where the state charges and relies upon a particular sale to constitute a violation of the prohibition law, it is error for the court to permit proof of other sales."

In this case there was no denial by the defendant that he issued the check in question; and he was being tried upon the specific charge of issuing the check for $4.25.

It was error for the court to permit the county attorney to propound the questions to the defendant as to whether or not he had issued checks prior to the one in question that had been presented to the bank and not paid.

Notwithstanding that the defendant objected to the questions, and his objections were overruled, he answered that he did not remember, or that he had not issued such checks, and the state closed its testimony without offering any testimony that the defendant had been guilty of is-

suing checks on the bank prior to the check in question, having some logical connection with the offense charged. Call v. State, 39 Okla. Cr. 264, 264 P. 643; Pearson v. State, 44 Okla. Cr. 19, 279 P. 700; Welch v. State, 41 Okla. Cr. 207, 271 P. 172; Ellis v. State, 54 Okla. Cr. 295, 19 P. 2d 972; Brockman v. State, 60 Okla. Cr. 75, 61 P. 2d 273.

In State v. Rule, 11 Okla. Cr. 237, 144 P. 807, in the syllabus the court said:

"Where evidence is offered tending to prove that the defendant has committed an offense other than that for which he is on trial, good practice requires that the prosecuting attorney should state the purpose for which the evidence is offered, and, if it is admissible for that purpose, the trial court should instruct the jury as to the purpose for which they may consider it."

No statement was made by the county attorney or anyone else as to why he desired to show in the trial of this case that, prior to the issuing of the check in question, the defendant had issued other checks that had not been paid.

The closing of the state's testimony without attempting to contradict the defendant's testimony on the question clearly shows that the effort made by the county attorney was for the purpose of prejudicing the minds of the jurors against the defendant.

Questions like the questions propounded to the defendant by the county attorney should never be permitted unless the state is in a position, if the defendant denies them, to prove the truth of the statements contained in the questions.

The defendant insists that the court erred in his instruction 6, which is as follows:

"You are instructed that the defendant in this case is on trial for one offense only, and that is the offense charged and set out in the information. The court has

permitted you to hear certain testimony which tends to show the commission of other offenses, and in this connection you are instructed that you will consider the evidence of other and similar offenses for the sole and only purposes of determining whether or not the defendant is guilty of the specific crime charged in the information and for no other purpose."

The underlying vice in the foregoing instruction is that the court assumes in the instruction that there had been testimony introduced which tends to show the commission of other offenses by the defendant, when in truth and in fact no such evidence appears in the record, but only insinuations by the county attorney in the questions propounded to the defendant that at sometime this defendant might have issued a check on the bank which was not paid when presented.

This instruction is not clear and does not correctly advise the jury as to the law applicable to the facts.

The defendant urges that the evidence is not sufficient to make out a case under the provisions of section 2086, O. S. 1931, 21 Okla. St. Ann. § 1541; that part of the section applicable to this case, in part, reads as follows:

"Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any person * * * any money, property, or valuable thing * * * by means or by use of any * * * false or bogus checks * * * shall be deemed guilty of a felony and shall be punished by imprisonment in the state penitentiary, for a term not exceeding seven (7) years. * * *"

The phrase "by means or use of any false or bogus checks" is descriptive of the offense and is an essential element of the crime for the state to allege and prove. The state must allege and prove the false and bogus character of the check, and that it was well known to the defendant at the time he issued it for a fraudulent purpose.

The testimony shows that there was no effort on the part of the defendant to deceive or defraud the Montgomery Motor Company. The testimony of the defendant is that he advised Mr. Womack, to whom he delivered the check after it was written, that the money was not in the bank, but would be within a few days; and the testimony of the defendant shows that he had made a deposit in the bank, and that he offered to corroborate his testimony by the duplicate deposit slip issued by the bank on which the check of $4.25 was drawn.

The court in the trial of this case erred in permitting the county attorney to ask the defendant the questions herein complained of as to the prior issuing of checks having no connection whatever with the check in question, and erred in failing to advise the jury correctly as to the law applicable to the facts.

After a careful reading and study of the record, we have reached the conclusion that the testimony is insufficient to sustain the allegations of the information.

We further hold that the defendant did not receive a fair and impartial trial as guaranteed by the Constitution of the United States and the Constitution and laws of the state of Oklahoma.

For the errors herein stated, the case is reversed and remanded, with directions if the state does not have further evidence to sustain its allegations in the information, the case be dismissed.

DOYLE, P. J., and BAREFOOT, J., concur.