## Ex parte BUMGARNER.

No. A-11745. July 9, 1952.

(246 P. 2d 387.)

Kienzle & Tankersley, Shawnee, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, P. J. This is an original petition in habeas corpus, brought by Elzie M. Bumgarner. In his petition he complains that he is unlawfully restrained of his liberty in the penitentiary of the state of Oklahoma by Honorable Jerome J. Waters, Warden. The cause of said restraint he alleges is by virtue of a certain judgment and sentence rendered against him on a charge of obtaining money under false pretense, to which he entered a plea of guilty in the district court of Pushmataha county, Oklahoma, on March 3, 1951, wherein he was sentenced on said charge to the penitentiary for five years. Petitioner alleges that said judgment and sentence is invalid and void, for the reason that said information upon which he was charged and convicted, wholly failed to state a cause of action and was insufficient upon which to vest jurisdiction in the trial court.

The petitioner makes other allegations which it is not necessary to consider for a determination of this petition.

To the petition the Attorney General made response wherein it was alleged that he was being held under and by virtue of a valid judgment and sentence, and further responded that the petition did not state facts sufficient upon which to warrant petitioner's release by writ of habeas corpus. The Attorney General has filed no brief herein, and has confessed the petitioner's petition is meritorious.

The information was filed on March 3, 1951 alleging in substance the commission on or about the 25th day of November, 1951 of the crime of obtaining property under false pretenses, with the intent to cheat and defraud Homer McFatridge out of personal property worth the sum of $46, by representing to Homer McFatridge, that a certain check, made at San Marcos, Texas, November 15, 1951, on· the First National Bank payable to the order of Jack Transfer Storage, in the sum of $46, for moving, by Elzie M. Ward was good and lawful demand for the money and would be paid on presentation, which said representations were false and fraudulent, etc.

The petitioner complains that the information was insufficient to vest jurisdiction in the trial court. It is apparent this contention is good. The check bears the date of November 15, 1951, while the information appears to have been prepared and filed on March 3, 1951. The defect in the information thus clearly appears. Under it the petitioner appears to have been charged more than 10 months before the commission of the crime or the execution of the check involved. Attempt was made at the hearing on the petition for habeas corpus to explain this discrepancy as a typographical error, to the effect the year the check was made and uttered was 1950 instead of 1951, but the law does not permit its victims to be incarcerated on a materially defective information and then allow the state in a hearing on a petition for habeas corpus to pass off the defect on the ground that a substantive error was a typographical mistake. Such defect can only be corrected by amendment in the trial court. The information should be amended by pleading the correct year the check was made as 1950. It has been held that such may be done. Ex parte Williams, 70 Okla. Cr. 377, 106 P. 2d 524:

"Where the indictment, as presented by the grand jury, gives the date of the alleged offense as subsequent to the presentment and filing of the indict-

ment, the insertion of said date will be considered a clerical error; and the county attorney, with permission of the court, may amend the indictment by showing the true date of the alleged offense."

The same rule applies to informations, similarly defective. When the information is amended, it would be well to also allege the false and bogus nature of the check. Title 21, § 1541, O. S. 1951, provides, whoever obtains "with intent to cheat and defraud, * * * any person, firm or corporation," of "any money, property, or valuable thing, * * * by means or use of any false or bogus checks," is guilty of false pretense. In construing the foregoing section relative to the essential elements of obtaining money by pretense of a false or bogus check, it has been held in Clark v. Sttate, 66 Okla. Cr. 255, 91 P. 2d 686:

"The phrase 'by means or use of any false or bogus checks' is descriptive of the offense and is an essential element of the crime for the State to allege and prove. The State must allege and prove the false and bogus character of the check and that it was well known to the defendant at the time he issued it for a fraudulent purpose."

For the foregoing reasons the writ of habeas corpus is accordingly granted, with directions that the petitioner be returned to the district court of Pushmataha county, Oklahoma, to be proceeded against under an amended information.

JONES and POWELL, JJ., concur.