## SIMPSON v. STATE.
### No. A–11868.

Criminal Court of Appeals of Oklahoma.
March 3, 1954.

Lee Welch, Antlers, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error Francis Simpson, defendant below, was charged by information in the district court of Pushmataha county, Oklahoma, with the crime of uttering a bogus check, Title 21, § 1541, O.S. 1951, on or about January 17, 1949, said check being in the sum of $63.05, with the intent to cheat and defraud one Floyd Whiteside to whom said check was given for two hogs. The defendant was tried by a jury, convicted, and his punishment fixed at a year and a day in the penitentiary, and a fine of $500. Judgment and sentence was entered accordingly from which this appeal has been perfected.

The defendant complains that the trial court erred in overruling his demurrer to the information. The charging part of the information reads as follows, to wit:

"That the said Francis Simpson in the county and state aforesaid and on or about the day and year aforesaid did then and there knowingly, wilfully, wrongfully, unlawfully, fraudulently, and feloniously through his agent, employee or servant Don Wasson, pass and transfer a bogus check in the sum of $63.05 to Floyd Whiteside with the intent to cheat and defraud the said Floyd Whiteside, and that the said Francis Simpson did then and there receive articles of value for the said check, the said articles of value being two hogs worth the value of $63.05, a copy of said check is attached hereto and made a part of this information and incorporated herein for indentification marked exhibit A; contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state."

The pertinent part of the statute, Title 21, § 1541, O.S.1951, under which the action was brought reads as follows, to wit:

"Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any person * * any money, property, or valuable thing * * * by means or by use of any * * * false or bogus checks * * * shall be deemed guilty of a felony and shall be punished by imprisonment in the State Penitentiary, for a term not exceeding seven (7) years, or by a fine not to exceed Five Hundred ($500.00) Dollars, or by both such fine and imprisonment."

To the information the defendant entered a demurrer, which was presented, and over-ruled with exceptions. The demurrer was renewed at the trial before the introduction of evidence, and again overruled with exceptions.

■■■ The defendant contends that under the foregoing statute that the information failed to allege that by means or by use of the alleged bogus check the said Whiteside was caused to part with a thing of value, to wit, two hogs, and "by means or by use of said bogus check" the said defendant did obtain from the said Whiteside the said hogs. In Clark v. State, 66 Okl.Cr. 255, 91 P.2d 686, 690, this court said, "The phrase 'by means or use of any false or bogus checks' is descriptive of the offense and is an essential element of the crime for the State to allege and prove." In fact, we are of the opinion that the gist of the crime is in obtaining with fraudulent intent money, property, or valuable thing by means or use of a bogus check. Where the information so fails to allege and the proof fails to show that either money or property is obtained or attempted to be obtained by means or by use of a bogus check, the state has failed to make out a case under the provisions of Title 21, § 1541, O.S.1951. In such case the trial court should sustain a demurrer to the information, and failing in this where the allegations of the information and the proof are insufficient a directed verdict should be entered for the defendant. The information herein alleges that "the said Francis Simpson did then and there receive articles of value for the said check, the said articles of value being two hogs worth the value of $63.05". The state contends that this allegation was sufficient, but we cannot agree. The allegations of the information do not employ words of similar import such as by means or by use of a bogus check, as contended by the state. Ireton v. State, 29 Okl.Cr. 266, 233 P. 771. This charge merely alleges that the hogs were received by Francis Simpson for said check; it is not an allegation that the possession was obtained by means or by use of said bogus check (the definitive limits of the statute). There is a distinction in the language of the statute and the allegations herein employed. Unless the giving of the check is the inducement for the change of possession, no offense has been committed under the bogus check act. Hunter v. State, Okl.Cr., 264 P.2d 997, 999. This information did not so allege, and is therefore insufficient to state an offense under Title 21, § 1541, O.S.1951. The logic of the foregoing reasoning will become apparent when the defendant's next proposition is considered.

■■■ The defendant further contends that the evidence is insufficient to support the charge attempted to be alleged herein. The state relies on the provisions of Title 21, § 1541, O.S.1951, reading in part as follows:

"* * * as against the maker or drawer thereof, the making, drawing, uttering or delivering of a check, * * payment of which is refused by the drawee, shall be prima facie evidence of intent to defraud and the knowledge of insufficient funds in, or credit with, such bank or other depository; * *."

The last quoted provision of the statute creates a rebuttable presumption. Moore v. State, Okl.Cr., 250 P.2d 46. But before this section of the statute can be invoked against the defendant in a bogus check case there must first appear that the check was the inducing cause for parting with the thing of value, as provided in the pertinent part of Title 21, § 1541, O.S.1951, quoted hereinbefore. The facts in relation to this transaction are that the defendant Simpson

was operating the Antlers Livestock Commission Company. The plaintiff brought his two head of hogs to the pens and left them for sale in the auction ring. The evidence shows they were put up for sale and sold to a third party, the highest bidder, for the sum of $63.05. Under the agreement between the seller and the commission company the seller had the right to reject the bid and refuse to sell. But in this case Whiteside, the seller, did not reject the bid but stood on the offer and the sale was consummated. The third party gave his check to the commission company for the hogs and picked up the hogs. Thereafter the commission company through its agent Wasson issued its check to the seller, drawn on its account in the First National Bank of McAlester, Oklahoma. The check came back to the seller marked insufficient funds. Thus it clearly appears that in the case at bar the first essential element of the statutory definition is lacking, that by means of and by use of the alleged said bogus check the defendant obtained the hogs. It clearly appears under this record that the possession of the hogs was not obtained by means of the said allegedly bogus check but was in the capacity of agent to find a buyer for the Whiteside hogs. A buyer was found which the defendant could have rejected or accepted, the latter which he did do. He thereby gave up title to the hogs on the bid by the buyer which was acceptable to Whiteside. Thereafter Simpson and the Antlers Commission Company became the agent for collection of the debt from the buyer. The issuance of the check was therefore not the inducing cause for parting with the title to the hogs. The title to the hogs passed when the minds of the seller and the purchaser met in the auction ring at the sale, and when the buyer's bid was accepted by Whiteside. The check was nothing more nor less than an instrument, even though a bad one, incident to the consummation of a deal involving hogs to which title had already passed between the seller and the buyer of the hogs. If defendant Simpson had purchased the hogs from the seller and given his check or the commission company check

therefor, the case would clearly come within the provisions of the statute. Hunter v. State, supra; Moore v. State, supra.

It is apparent that the check herein given does not come within the purview of the statute, and the information and the evidence in support thereof are both insufficient to make out a case under the bogus check act, Title 21, § 1541, O.S. 1951. In Group v. State, Okl.Cr., 236 P.2d 997, 998, this court said:

"A rule of strict construction is to be applied to criminal statutes and courts should not extend them to embrace acts or conduct not clearly included within the prohibition of the statute.

"Person cannot be convicted of crime unless act which is committed is within both letter and spirit of penal statute."

In Little v. State, 55 Okl.Cr. 420, 32 P.2d 94, 95, this court said:

"It has been held by numerous decisions of this court that penal statutes cannot be enlarged by implication or extended by inference. Myers v. State, 19 Okl.Cr. 129, 197 P. 884, 18 A.L.R. 1057; McDonald v. State [54 Okl.Cr. 122], 15 P.2d 149."

To hold this transaction comes within the provisions of Title 21, § 1541, O.S.1951, would require enlargement of the plain provisions of the statute by implication or extension thereof by inference.

There are other contentions urged by the defendant which the foregoing conclusions foreclose the necessity for consideration. However, we feel it should be observed that this record does not support an intent to defraud but a lack of good business sense and insufficient financing to meet situations created by poor risks arising from bad checks given by the buyers at the community sales. The record shows some weekly sales ran in the aggregate from $50,000 to $100,000. Some bad checks were in the amount of $1,000. We repeat the losses herein accrued not from bad faith but bad collection practices and a lack of financial backing to offset the bad checks given by buyers from Oklahoma, Texas and Kansas. Criminal intent to violate the

provisions of Title 21, § 1541, O.S.1951, is not reflected in this record. For the reasons hereinbefore set forth the judgment and sentence herein imposed is accordingly reversed and vacated, with directions to dismiss this action.

POWELL, P. J., and JONES, J., concur.