## JOHN SHANKS VS. THE STATE.

1. CRIMINAL LAW: *Pleading. Drunkenness in office.*

An indictment against an officer for drunkenness in office, under the act approved April 18, 1873, is insufficient if it fails to allege with certainty and precision, that the person charged was then the lawful incumbent of a specific office under the laws of the state, and a motion to quash ought to be sustained.

2. SAME: SAME: *Case in judgment.*

An indictment that charges, "that J. S., assessor of Clarke county, etc., * * during the term of said J. S., assessor * * was found in a state of intoxication," etc., contained no distinct averment, that J. S. was then, under the laws of the state by election or right, holding the office of assessor of taxes, etc. The language employed, "J. S., assessor," etc., are mere terms of description.

ERROR to the Circuit Court of *Clarke* County.

Hon. WM. H. HANCOCK, Judge.

This was an indictment found in the circuit court of Clarke county against John Shanks for drunkenness in office. The bill was found at the regular September term, 1874.

The defendant was recognized in open court on the 11th of September, 1874, to appear at that term of the court from day to day, and on the 23d of November, a special notice was served on defendant to appear on the 7th of December, 1874, at a special term ordered then to be held, and answer this indictment. Motion was made to quash the indictment, and overruled by the court. The accused was, at the special term, arraigned and pleaded "not guilty," was tried by a jury and found guilty. The court then passed sentence upon him by removing him from office, and the cause comes to this court upon writ of error.

The following are the assignments of error:

1. The court erred in overruling the motion to quash the indictment.

2. The court erred in requiring the defendant below to plead at the special term of the court in December, 1874, the defendant having been recognized to appear at the March term, 1875.

3. There is no such record in this case as would authorize the court to pronounce judgment against the defendant.

*Steele & Evans*, for plaintiff in error:

Shanks was indicted under act of 1873. The language of the statute must be pursued. 1 Whart. Cr. L., 6 ed., 364; 1 Hawk. P. C., 649; Scott *v.* The State, 31 Miss., 473; Ike *v.* The State, 23 id., 525; Jesse *v.* The State, 28 id., 100; Anthony *v.* The

State, 13 S. and M., 263 ; Kline *v.* The State, 44 Miss., 317; Riggs *v.* The State, 26 id., 51 ; Williams *v.* The State, 42 id., 328 ; State *v.* Petty, Harp. (S. C.), 59; Lewis *v.* The State, 49 Miss., 354. He is not "assessor" but "assessor of taxes." Code 1871, §§ 147, 271, 736, 1673, 1845, 2007, 2180 and 2181 ; Const., art. 5, § 21, and art. 6, § 26. The defect is not cured by the verdict. 1 Whart. C. L., § 369 ; Lee *v.* Clarke, 2 East, 333. It must aver the words descriptive of the offense. 1 Whart. C. L.. §§ 375, 376. As to the requisite number of grand jurors, see 1 Whart. C. L., 6 ed., 500 and 505. Return of indictment, see Code 1871, § 2494.

*G. E. Harris,* Attorney General, for the State :

Plaintiff in error was indicted under act of April 18, 1873. Two points are raised :

1. As to the sufficiency of the indictment. The constitution describes the officer as "assessor." Const. of the state, art. V., § 21. His duties are prescribed as such. Code of 1871, § 1624.

2. As to the manner of returning the indictment into court. Code 1871, § 2794. This is merely directory. Josephine *v.* The State, 29 Miss., 615. It is no valid objection that he was tried at a special term of the court. It is provided for. Code of 1871, §§ 573, 888, 2884; Goodwyn *v.* The State, 4 S. & M., 520 ; Young *v.* The State, 2 How., 865 ; Greeson *v.* The State, 5 id., 33 ; Kline's Case, 44 Miss., 317.

TARBELL, J., delivered the opinion of the court:

A statute of Mississippi, approved April 18, 1873, enacts " that any state or other officer holding office in this state, under the laws thereof, found drunk, or in a state of intoxication from the use of intoxicating liquors during his term of office, shall, upon conviction, be deemed guilty of a high misdemeanor in office, and shall, by the judgment of the court and sentence, be removed from his said office, and the same thereby become vacant, to be filled as other vacancies are." Laws of 1873, p. 84. At the September term, 1874, of the Clarke county circuit court, an indictment was presented under the above statute, in the words and

figures following : " That John Shanks, assessor of Clarke county, state of Mississippi, on the first day of September, 1874, in the county of Clarke aforesaid, and state of Mississippi aforesaid, and during the term 'of office of said John Shanks, assessor of said Clarke county, state of Mississippi as aforesaid, was found in a state of intoxication from the use of intoxicating liquors, contrary to the form of the statute," etc.    There was a motion to quash the indictment on the following grounds :

" 1. Because it is not alleged or charged in the said bill of indictment that the said defendant held an office under the laws of the state of Mississippi.

" 2. Because it is not alleged or charged in the said bill of indictment that the said defendant was the assessor of taxes, or that he held any office under the laws of the state of Mississippi.

" 3. Because the record does not show that the indictment was presented to the court by the grand jury.

" 4. Because the record does not show that the indictment was returned into open court by the foreman of the grand jury in the presence of at least twelve of the grand jury.

" 5. Because it is not shown in and by said bill of indictment what office he held, or that he held any office under the laws of the state of Mississippi.

" 6. Because it is not alleged in the said bill of indictment, or charged by positive averment, that the defendant was a state officer, or that he held an office under the laws of the state of Mississippi at the time of the alleged intoxication."

This motion was overruled, and the accused was tried, convicted, and sentenced to removal from office.    Hence a writ of error.

Two questions are presented for adjudication, viz :   1. The sufficiency of the return of the indictment into court; and, 2. The sufficiency of the indictment itself.

The return of the indictment into court is thus stated in the record :   " On the 9th day of September, 1874, being also a day of the present term of the court, the said grand jury came into open court, and through their foreman returned and presented to

the court several bills of indictment, and among them one against John Shanks for drunkenness in office, all of which said indictments are by the court ordered to be marked filed, and the same was accordingly done ; and the said indictment against the aforesaid John Shanks, with the endorsement thereon, is in the words and figures following, to-wit:"    *    *    *    Then follows the indictment, the endorsements on which are thus given :  " No. 220. The State *v.* John Shanks.   Drunkenness in office.   No prosecutor.   A true bill.   J. A. Andrews, foreman of the grand jury. Witnesses, Gaston Durgan, John Price.   Filed September 9, 1874. F. J. Parker, clerk."

After repeated perusals it is impossible to detect any well founded objection to this record.  Code, § 2794;  Josephine's Case, 39 Miss., 613.

With reference to the indictment itself, the objection is made that its allegations are insufficient; that it does not, in the language of the statute, allege that the accused was assessor of the county of Clarke, or that he held an office under the laws of the state.

The language of the indictment is, "that John Shanks, assessor," etc. ; whereas counsel insists it should state "that John Shanks, then and there being constitutionally and legally assessor; " or, " that John Shanks, under the constitution and laws of the state, held the office of assessor of the said county ; " or, " that John Shanks, by virtue of an election and qualification according to law, was the legal and duly qualified assessor of said Clarke county; " or, " that said John Shanks was then holding the office of assessor of said county of Clarke and state of Mississippi under the laws thereof ;" or other form of positive averment, these being mere suggestions by way of illustration.

In other words, that the holding of the office is not, but should be, charged by positive statement.   The argument as understood is that, as framed, the holding of the office is not averred, but that the words " assessor," etc., which follow the name of the accused, are mere recital or description, *descriptio personæ*, as in the

old indictments, A. B., "gentleman," "laborer," etc., and do not constitute an averment that the accused held office under the laws of the state.   It is quite certain that such holding should be both charged and established by evidence.

This is in accordance with the authorities and precedents from the earliest dates. 1 Bish. Crim. Pr., §§ 304, 305, 306 ; 2 id., § 781, et seq. ; 2 Ch. Crim. L., p. 255 ; 3 id., 697, et seq. ; 1 Am. Crim. L., § 285; How. P. C., 313, § 60; 1 Salk., 371; Rex. and Reg. v. Whitehead, Cro. Jac., 19; 5 Mod., 137; Cro. Car., 464; 3 Mod., 53 ; 1 Bur., 400 ; Ld. Raym., 1189; id., 1363; Roscoe's Crim. Ev., 743 ; 3 Arch. Crim. Pr. and Pl., 578, etc.

Two early cases may serve to illustrate the rule under consideration.   An overseer was indicted for disobeying an order of two justices.   It was objected that the indictment set out the order by way of recital only, *quod cum*, the two justices made the order.   The motion to quash was sustained, and the court in rendering its judgment proceeded to point out the distinction between matter of inducement merely, and that which is matter of positive averment.   The King v. Crowhust, Ld. Raym., 1363.   Reference is made in that case to Rex and Regina v. Whitehead, 1 Salk., 371, which is thus reported : " Mr. Northey moved to quash two indictments which were *quod cum*, an order was made that the parishioners should receive a bastard child ; they in contempt did refuse to receive.   And because it was not positively said that it was ordered that they should receive it, but only by recital with a *quod cum*, they were quashed."

The rule indicated is believed to have remained unchanged to the present time.

Another general rule is that matters requiring affirmative proof must be positively charged.   But it is the application of the rule and not the rule itself which is presented in the case at bar.   The question then is, whether the indictment in this case as framed, avers and charges substantially that the accused, at the time of the alleged intoxication, was holding an office under the laws of the state.

It is clear that it does not. The holding of an office is not even stated by a whereas, *quod cum.* To sustain this indictment would require a liberality and disregard of approved rules, not always conducive to the rights of persons. The statute upon which this prosecution is based does not punish for habitual drunkenness, but for a single instance of intoxication which may be the first and only occurrence of the kind in a whole lifetime. And besides, this matter of intoxication is not well defined. It is indefinable. Where exhilaration ends and intoxication begins must depend in this class of cases upon each particular jury, and upon the prevailing sentiment of the locality of the trial. Prejudice, as well as the sentiments of education, may determine this point, which is known to be the subject of dispute. Learned anatomists have exhibited drawings of the human stomach to prove that intoxication or drunkenness begins with the first glass of intoxicating liquor. Hence, it is not believed wise to break down those rules which have been tested and approved by time and experience, and by a profession which has always been true to the rights of persons and property.

Judgment reversed and indictment quashed.