UNITED STATES v. CLARK et al.

(District Court, M. D. Pennsylvania. February 19, 1903.)

No. 13.

1. USING MAILS TO DEFRAUD—INDICTMENT—REV. ST. § 5480.

An indictment under Rev. St. § 5480 [U. S. Comp. St. 1901, p. 3696], for using the mails to defraud, must show that the fraudulent scheme was "to be effected" through that medium as an essential part, and not as a mere adjunct or incident, and that the original design contemplated and embraced this, which is not necessarily the case with a charge that defendants falsely pretended, in pursuance of the fraudulent scheme in which they had engaged, that they were prepared to give personal instruction by correspondence through the mails. That the mails were actually to be used to effect the scheme must be both charged and proved.

2. CONSPIRACY AGAINST UNITED STATES—REV. ST. § 5440.

A conspiracy, to defraud an individual, even though the mails be made use of for the purpose, does not fall within the terms of section 5440 of the Revised Statutes [U. S. Comp. St. 1901, p. 3676]. What is there provided for is a conspiracy of two or more either to commit an offense against the United States or to defraud it.

Rule to Show Cause Why Indictment Should not be Quashed.

C. A. Van Wormer and Jno. F. Scragg, for defendants.

S. J. M. McCarrell, U. S. Atty.

ARCHBALD, District Judge. It is not every fraudulent scheme in which the mails may happen to be employed that is made an offense against the federal law, but only such as are "to be effected" through

¶ 1. Nonmailable matter relating to frauds and counterfeiting, see note to Timmons v. United States, 30 C. C. A. 86.

that medium as an essential part. Rev. St. § 5480, Act March 2, 1889, 25 Stat. 873 [U. S. Comp. St. 1901, p. 3696]; Stokes v. United States, 157. U. S. 187, 15 Sup. Ct. 617, 39 L. Ed. 667; Stewart v. United States (C. C. A.) 119 Fed. 89. To make out an offense, therefore, under the statute, this must be both charged and proved. It is not sufficient that the mails were actually used, although that is one ingredient. The scheme must involve their use to effectuate the fraudulent purpose, the use in fact being merely the overt act. The present indictment is defective in this respect. While it is true that the defendants are charged with having falsely pretended, in pursuance of the fraudulent scheme in which they had engaged, that they were prepared to give personal instruction by correspondence conducted through the United States mails, which, at first blush, might seem to imply that the use of the mails was contemplated, yet upon consideration it is plain that such was not necessarily the case, as the persons to be approached and brought within range of the scheme might be sought out and induced through canvassers or solicitors or by advertisement in the public prints, in neither of which instances would an offense against the federal law have been committed. When a correspondence was actually entered into, there might be; but not even then, perhaps, if the use of the mails was only incidental. What is sought to be prevented is an abuse of the post office facilities of the country to carry out schemes to defraud, a far wider range being secured through this public agency, with greater chance for immunity on account of the distance at which they are able to be undertaken. But, as stated above, this use must be an essential of the scheme, and not a mere adjunct or incident. The original design of the parties must contemplate and embrace it. So the statute reads, and we cannot enlarge upon it. There is a growing tendency to try and do so, which must be resisted. Bad debts contracted by mail are even sought at times to be made the basis of a prosecution under it; but the federal law was not intended to bolster up the credit system of the country, nor improve its morals. In the present instance the omission to charge that the scheme devised by the defendant was to be effected by the use of the mails is fatal to the first count of the indictment, no offense against the federal law being stated without it.

The second count is even more defective than the first. It merely charges a conspiracy to defraud the persons named in the first count, to whom circulars had been sent by mail. It is supposed to be drawn under section 5440 of the Revised Statutes [U. S. Comp. St. 1901, p. 3676]; but what is there provided for is a conspiracy of two or more either to commit an offense against the United States or to defraud it. A conspiracy to defraud an individual, even though the mails be made use of for that purpose, clearly does not fall within its terms.

The rule is made absolute, and the indictment quashed.