## LENORA LITTLE v. STATE.

No. A-8651.   April 20, 1934.
(32 Pac. [2d] 94.)

J. Q. A. Harrod and Laynie W. Harrod, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county, of disposing of mortgaged property and was sentenced to serve a term of 18 months in the state penitentiary.

The prosecution is under section 1946, Okla. Stat. 1931, which in part is:

"Any mortgagor of personal property, or his legal representative, who, while such mortgage remains in force and unsatisfied, conceals, sells * * * without the written consent of the holder of such mortgage, shall be deemed guilty of a felony. * * *"

The amended information on which defendant was tried alleges that—

"* * * Lenora Little * * * did then and there, willfully, unlawfully and feloniously commit the crime of disposing of mortgaged property in the manner and form as follows to wit: That is to say, the said defendant * * * did then and there * * * sell certain personal property, to wit: a one story, two room frame house for the sum of 35 dollars, * * * to Art Hoover and Mrs. Art Hoover, which property was then and there mortgaged to the Gentry-Severance Lumber Co., * * * and which mortgage was then in force and unsatisfied * * * without the knowledge and consent of the mortgagee. * * *"

A demurrer to this information was overruled, and, after verdict, a motion in arrest of judgment was interposed; both the demurrer and the motion to arrest challenged the sufficiency of the information. Error in the

ruling of the court on this point is the principal contention made.

The amended information does not allege either directly or by inference that defendant is the mortgagor or the legal representative of the mortgagor and the argument is made that since the statute, section 1946, supra, in defining the crime sought to be charged, limits it to the particular class of persons who are mortgagors or the legal representatives of mortgagors, that an allegation that the person charged belongs to such class is essential. The state contends that only the material ingredients of the crime need be alleged and that the limitation to the particular class of persons is not of the substance of the offense and the omission of such allegation is not fatal. The state relies mainly on State v. Elliott, 61 Kan. 518, 59 Pac. 1047. The state's evidence, while to some extent conflicting, is in substance that defendant was the owner of a certain building, upon which she had given a chattel mortgage which was in force and unsatisfied and that without the consent of the mortgagee she sold said building which was removed from the place of its location. If the amended information is sufficient to sustain the judgment, the case should be affirmed. If not, it must be reversed.

It has been held by numerous decisions of this court that penal statutes cannot be enlarged by implication or extended by inference. Myers v. State, 19 Okla. Cr. 129, 197 Pac. 884, 18 A. L. R. 1057; McDonald v. State, 54 Okla. Cr. 122, 15 Pac. (2d) 149.

It is also held in numerous decisions that where a statute provides that the doing of a certain act by a person of a certain class shall be a crime, the information must allege that the person accused is of the class desig-

nated and an information failing to so allege is insufficient. 31 C. J. p. 694, § 240; Stout v. Territory, 2 Okla. Cr. 500, 103 Pac. 375; Titsworth v. State, 2 Okla. Cr. 268, 101 Pac. 288; Shanks v. State, 51 Miss. 464; State v. Sloan, 67 N. C. 357; U. S. v. Woods (D. C.) 224 F. 278. The Elliott Case, supra, is not in point. The opinion does not set out the information, but does disclose that the defendant was convicted of aiding and assisting a chattel mortgagor to dispose of the mortgaged property. The contention was made that one who aided and assisted the mortgagor of personal property to dispose of the property could not be convicted. The opinion simply holds that under the statute one who aids and abets the mortgagor to dispose of his property in violation of the statute may be convicted the same as the mortgagor. This is true under our statutes, section 1809, Okla. Stat. 1931. In charging an offense against an aider and abetter, no additional allegations are required, section 2902, Okla. Stat. 1931. That, however, is not the question in the instant case. The question here is the sufficiency of the charge. The amended information is insufficient in failing to allege that the defendant is one of the class defined by the statute. The judgment of the district court is therefore reversed and the case remanded with direction to sustain the demurrer.

DAVENPORT and CHAPPELL, JJ., concur.