I. D. MODISETT, Billy Joe Allen, and Ronnie Turner, Petitioners,

v.

The Honorable Arthur J. MARMADUKE, Judge of the District Court of Stephens County, Oklahoma, and the State of Oklahoma, Respondents.

No. A–13497.

Court of Criminal Appeals of Oklahoma.

July 15, 1964.

Malcolm Baucum, Oklahoma City, Hegel Branch, Duncan, for petitioners.

Charles Nesbitt, Atty. Gen., Clinton D. Dennis, Stephens Co. Atty., for respondents.

NIX, Judge

This is an original proceeding by I. D. Modisett, Billy Joe Allen, and Ronnie Turner against Arthur J. Marmaduke, District Judge of Stephens County for a Writ of Prohibition, directed to the respondent, to prohibit him from proceeding further in a criminal case pending in the District Court of Stephens County.

The pleadings before this Court reflect that the petitioners herein were charged by the County Attorney of Stephens County with the crime of Conspiracy as set forth in Title 21, O.S.A. § 424, which reads as follows:

"If two or more persons conspire either to commit any offense against the State of Oklahoma, or to defraud the State of Oklahoma in any manner or for any purpose, and if one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not more than ten thousand dollars ($10,000.00) or to imprisonment for not more than two years or to both fine and imprisonment in the discretion of the court or jury." Laws 1915, ch. 260, § 1.

The information in said cause charges that the petitioners "did wilfully, wrongfully, unlawfully, and feloniously conspire and agree between themselves, the said I. D. Modisett, Billy Joe Allen, and Ronnie Turner, to steal quantities of pipe line oil from leases operated by the Christie-Stewart Drilling Company, a co-partnership composed of C. B. Christie, Jr. and Morris E. Stewart."

Petitioners contend that Statute 21, O. S.A. § 424 is applicable only in cases where the offense is against the State of Oklahoma, and is in no way applicable to a conspiracy to defraud an individual. That the Statute applicable to a conspiracy to defraud an individual is clearly set forth in

Title 21, O.S.A. § 421, which reads as follows:

"If two or more persons conspire, either:

"(1) To commit any crime; or, (2) Falsely and maliciously to indict another for any crime, or to procure another to be charged or arrested for any crime; or, (3) Falsely to move or maintain any suit, action or proceeding; or, (4) To cheat and defraud any person of any property by any means which are in themselves criminal, or by any means which if executed, would amount to a cheat or to obtaining money or property by false pretenses; or, (5) To commit any act injurious to the public health, to public morals, or to trade or commerce, or for the perversion or obstruction of justice or the due administration of the laws, they are guilty of a misdemeanor." R.L.1910, § 2232.

It is to be observed that the penalty for violating § 424 is a felony, and the penalty for violating § 421 is a misdemeanor.

It can be agreed that only the District Court has jurisdiction of felony cases; and misdemeanor cases come within the sole jurisdiction of the county court or the justice of the peace.

Petitioners contend that since the information alleges a Conspiracy to defraud an individual, the crime alleged constitutes a misdemeanor and therefore the District Court is without jurisdiction and the Writ should issue.

The State contends that Title 21, O.S.A. § 424 is controlling as it was enacted by the Legislature in 1915, five years after § 421, and if there appears to be a conflict in the two, the statute later enacted repeals by implication the matter in § 421 in conflict therewith. It is the further contention that § 424 was adapted from the Federal Code as it stood in 1915. They call attention to the fact that the language of these two statutes is identical with the exception of interchanging of "State of Oklahoma" and "United States". They cite the case of United States v. Sanche et al., D.C., 7 F. 715, decided in 1881, which among other things, says:

"I am of opinion, therefore, that we cannot, on the principle of that case, be required to restrict section 5440 to such 'offences' as operate to injure the government itself, but that it covers every conspiracy to commit an act made an 'offence' or crime by any law of the United States, as well as an act that may defraud the United States in any manner whatever."

The petitioners cite other Federal cases to the contrary, one of which is United States v. Clark et al., 121 F. 190 (1903) (DC–Penn.M.D.) wherein it was said:

"A conspiracy to defraud an individual, even though the mails be made use of for the purpose, does not fall within the terms of section 5440 of the Revised Statutes. What is there provided for is a conspiracy of two or more either to commit an offense against the United States or to defraud it."

Also, to the same effect is Curley v. United States, 130 F. 1 (C.C.A. 1st).

It is apparent that prior to 1915 when the Oklahoma Legislature enacted sec. 424, the Federal Courts were not exactly harmonious in their interpretation of said statute. Our Court has never been called upon to interpret sections 424 and 421 as to their applicability.

We, therefore, will approach the question head-on, so as to eliminate any confusion that may exist in the minds of those who are called upon to enforce and administer the law.

Though there seemed to be some difference of opinion in the Federal Courts, it must be borne in mind that they had no Federal Statute similar to § 421, and therefore we can see where effort was made to bring all crimes of Conspiracy within the scope of one general statute. However, your writer has found difficulty in interpreting the law only in such cases where an effort is made to read something into

a statute that isn't there; or they try to embrace some act or conduct not clearly included therein. Less confusion would exist in the law if those charged with the responsibility of its interpretation would avoid being a self-proclaimed legislator in an effort to expand a statute to encompass that which would suit his convenience or to include an offense to fit his particular fancy. If statutes were construed strictly and in conformity with what they actually say, Legislative intent could be more easily established and perplexity and confusion in the law eliminated.

■ This Court is committed to the rule as laid down in Group v. State, 94 Okl.Cr. 401, 236 P.2d 997:

"A rule of strict construction is to be applied to criminal statutes and courts should not extend them to embrace acts or conduct not clearly included within the prohibition of the statute. Person cannot be convicted of a crime unless the act which is committed is within both letter and spirit of penal statute."

See also, Little v. State, 55 Okl.Cr. 420, 32 P.2d 94; Kirk v. McCallister, 97 Okl.Cr. 104, 259 P.2d 325.

■ We approve of the rule as stated in 82 C.J.S. Statutes § 389, p. 926, as follows:

"The rule of strict construction means that such statute will not be enlarged by implication or intendment beyond the fair meaning of the language used, or what their terms reasonably justify, and will not be held to include offenses and persons other than those which are clearly described and provided for, although the court in interpreting and applying particular statutes may think the legislature should have made them more comprehensive."

Abiding by the foregoing judicial ground rules, we must resolve the question presented to this Court in the instant case.

■ It is the opinion of this Court that we have two separate and distinct Conspiracy Statutes, both of which are stated in clear and unambiguous language.

■ One enacted in 1910, never amended and never repealed—Title 21, O.S.A. § 421, designed and intended to make it a misdemeanor for two persons to conspire to commit any crime. Then the Legislature, five years later, enacted Title 21, O.S.A. § 424, which made it a felony for two persons to conspire either to commit any offense against the State of Oklahoma, or to defraud the State of Oklahoma in any manner or for any purpose. The latter carried no repealing clause, and, in the opinion of this Court, is in no manner in conflict with § 421. The latter deals solely with an offense against or defrauding the State of Oklahoma.

■ No doubt the Legislature designed this statute for protection of the State against unscrupulous public officials who would attempt to pillage and plunder the assets of the State. Recognizing the trust placed in public officials and the responsibility owed by them to the people, in all probability resulted in the enhancement of the punishment to a felony.

■ It is clear to this Court that the information alleges the commission of a crime designated under Title 21, O.S.A. § 421 as a misdemeanor, of which the District Judge has no jurisdiction.

■ Though we are thoroughly conscious of the fact that a Writ of Prohibition is an extraordinary writ and will never be awarded where other remedies are available, such as appeal or other modes of review, but will be issued to prevent an inferior court from proceeding in an action over the subject matter of which it has no jurisdiction.

Therefore, since the crime alleged in the information constitutes only a misdemeanor, the District Court of Stephens County is without authority to proceed further and the Writ is granted.

JOHNSON, P. J., and BUSSEY, J., concur.