Dear Honorable Stottlemyre,
The Attorney General has received your request for an official opinion asking, in effect:
 Do the provisions of 7 O.S. 19.1 (1985) provide that employers must allow blind employees to keep their guide dogs with them at their place of employment, while they are working?
Title 7 O.S. 19.1 (1985), reads in part:
 "A. Any blind, deaf, or physically handicapped person who is a passenger on any common carrier, airplane, motor vehicle, railroad train, motorbus, streetcar, boat, or any other public conveyance or mode of transportation operating within the State of Oklahoma shall be entitled to have with him a guide, signal, or service dog specially trained for that purpose, without being required to pay an additional charge therefor, but shall be liable as hereafter set forth in subsection B of this section.
 "B. A blind, deaf, or physically handicapped person and his guide, signal, or service dog shall not be denied admittance to any hotel, motel, public inn, public cafe, public elevator, or any other similar place within the State of Oklahoma because of such dog. Such blind, deaf, or physically handicapped person shall not be required to pay any additional charges for his guide, signal, or service dog, but shall be liable for any damage done to the premises by said dog."
7 O.S. 19.2 provides that anyone violating 7 O.S. 19.1 shall be guilty of a misdemeanor.
The Supreme Court of Oklahoma has held that, generally, nothing may be read into a statute which is not within the manifest intention of the Legislature, as gathered from the statute itself, and that the statute should not be construed more broadly than its terms require. AmericanFirst Title Trust Company v. First Federal Sav. Loan Ass'n. ofCoffeyville, Kan., 415 P.2d 930, 939 (Okla. 1965).
Furthermore, when interpreting criminal statutes, the Oklahoma Court of Criminal Appeals has held that a rule of strict construction is to be applied to criminal statutes and courts should not embrace acts or conduct not clearly included within the prohibition of the statute. Modisett v.Marmaduke, 394 P.2d 541 (Okla.Cr. 1964).
The subject statute contains no clear indication that the Legislature intended a mandatory requirement on employers to allow guide dogs at the work place.
We note that the federal Rehabilitation Act of 1973, Section 504 (29 U.S.C.A. 794) prohibits employment discrimination against the handicapped by recipients of federal financial assistance.Consolidated Rail Corp. v. Darrone, ___ U.S. ___, 104 S.Ct. 1248,79 L.Ed.2d 568 (1984).
The standards for determining the merits of an allegation of employment discrimination under 504 are contained in the statute: (1) The statute provides that the individual in question must be an "otherwise qualified handicapped individual;" (2) The statute provides that a qualified handicapped individual may not be denied admission to any program or activity or denied the benefits of any program or activity receiving federal financial assistance "solely" on the basis of handicap. Pushkinv. The Regents of the University of Colorado, 658 F.2d 1372, 1384 (10th Cir. 1981). See, Southeastern Community College v. Davis, 442 U.S. 397,99 S.Ct. 2361, 60 L.Ed.2d 980 (1979).
Likewise, the State prohibits discrimination by certain employers performing work for the State, against a handicapped individual, "unless such action is related to a bona fide occupational qualification reasonably necessary to the normal operation of the employer's business or enterprise." 25 O.S. 1302 (1981). Further, discrimination in state employment by reason of physical handicap is prohibited "so long as the physical handicap does not render the employee unable to do the work for which he is employed." 74 O.S. 841.10 (1985).
Whether any act or practice violates the federal Rehabilitation Act or the State civil rights statutes, is a fact question and beyond the scope of this opinion.
It is, therefore, the official opinion of the Attorney Generalthat:
 1. Title 7 O.S. 19.1 (1985) does not require employers to allow blind employees to have their guide dogs with them at their place of employment while they are working.
 2. Whether the practice of not allowing blind employees to keep their guide dogs with them at the work place is illegal discrimination under the federal Rehabilitation Act of 1973, 29 U.S.C.A. 701, et seq., or State civil rights statutes is a question of fact and cannot be answered by an Attorney General Opinion.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
JANE WHEELER, ASSISTANT ATTORNEY GENERAL