### STATE v. J. E. CLIFFORD.

No. A-10. Opinion Filed January 25, 1910.

(106 Pac. 557.)

1. **ANIMALS—Slaughter for Sale—Failure to Inspect—Complaint.** A complaint, charging that the defendant "did then and there, willfully, unlawfully and wrongfully offer for sale the meat of one red calf, without the same having been inspected by the live stock inspector or his deputy of the district of Claremore, Okla., and vicinity, before slaughter, 'or without having notified said inspector or his deputy of his intention to slaughter said calf for the purpose of offering the meat of the same for sale," is insufficient to state an offense for failing to allege that the same was slaughtered for "public sale and use."

2. **STATUTES—Construction.** Where the legislative intent is clear, statutes are not to be extended by construction to cases not fairly and clearly embraced in their terms.

(Syllabus by the Court.)

*Error from Rogers County Court; Archibald Bonds, Judge.*

J. E. Clifford was indicted for offering for sale meat of a calf which had not been inspected. Demurrer to the complaint was sustained, and the state brings error. Affirmed.

*Charles West,* Atty. Gen., and *Charles L. Moore,* Asst. Atty. Gen., for the State.

*H. Tom Kight,* for defendant in error.

DOYLE, JUDGE. The defendant in error was charged by a complaint filed before E. J. Humphrey, a justice of the peace, in and for Rogers county, as follows:

"That on the 28th day of March, A. D. 1908, in the county of Rogers and state of Oklahoma, one J. E. Clifford, then and there being, did then and there, willfully, unlawfully, and wrongfully offer for sale the meat of one red calf without the same having been inspected by the live stock inspector or his deputy of the district of Claremore, Okla., and vicinity, before slaughter, or without having notified said inspector or his deputy of his intention to slaughter said calf for the purpose of offering the meat of the same for sale."

Upon a trial had, the defendant was found guilty, whereupon he appealed to the county court of Rogers county. On the 6th day of May, 1908, the defendant demurred to said complaint on the ground that the same does not state facts sufficient to constitute an offense. Which demurrer was by the court sustained, to which ruling of the court the state excepted and prayed an appeal to the Supreme Court. On September 18, 1908, a petition in error, with transcript attached, was filed in this court.

We are of opinion that the complaint in this case fails to charge a public offense, and that the demurrer was properly sustained by the county court. The section of the statute upon which the complaint is based (section 27, art. 1, c. 2, Snyder's St. 1909) in part provides:

"It shall be the duty of all persons slaughtering cattle for public sale and use to notify the inspector of the district, or his local deputy appointed by him for that purpose, of their intention so to do."

The complaint does not allege that the defendant slaughtered the aforesaid red calf for "public sale and use"; otherwise it is

unnecessary to notify the inspector or his deputy. The legislative intent is clear, and does not include cattle slaughtered for private use. The doctrine is fundamental in American law that there can be no constructive offenses, and that statutes are not to be extended by construction to cases not fairly and clearly embraced within their terms. Before a man can be punished his case must be plainly and unmistakably within the statute; and, if there be any fair doubt whether the statute embraces it, that doubt is to be resolved in favor of the defendant. The complaint should contain a statement of the acts constituting the offense, in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended.

The judgment of the county court of Rogers county is therefore affirmed.

FURMAN, PRESIDING JUDGE, and OWEN, JUDGE, concur.