CITY OF SHAWNEE v. LANDON.

No. A.-71.   Opinion Filed February 1, 1910.

(106 Pac. 652.)

1.  **STATUTES—Construction—Penal Statutes.** Penal statutes cannot be enlarged by implication or extended by inference. No person can be convicted of a crime unless the act committed is within both the letter and the spirit of a penal statute.

2.  **MUNCIPAL CORPORATIONS — Ordinances — Regulation of Speed.** The speed of automobiles, bicycles, and other means or vehicles of conveyance cannot be regulated by an ordinance which was clearly intended to apply only to those conveyances which are drawn by horses, mules, or other beasts.

(Syllabus by the Court.)

*Appeal from District Court, Pottawatomie County; W. N. Maben, Judge.*

J. E. Landon was charged with violating a city ordinance, and from a judgment of conviction in police court he appealed, and from an order sustaining a demurrer to the complaint the City of Shawnee appeals.   Affirmed.

On the 6th day of November, 1907, the defendant was fined $25 in the police court of the city of Shawnee upon a complaint filed in said court charging him with violating the following ordinance of said city, to wit:

"Whoever shall in this city, ride or drive any horse, mule or other beast faster than an ordinary traveling gait, or who shall recklessly ride or drive so as to endanger the safety of others, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined not to exceed twenty-five ($25.00)."

Which complaint is in words and figures following:

"In the police court of the City of Shawnee.   The City of Shawnee v. J. E. Landon.   Before me, D. C. Flowers, police judge within and for the said City of Shawnee, in said County and Territory, personally appeared T. B. Hewlett, who, being duly sworn, upon his oath says: 'That on or about the 5th day of November, 1907, in said City and County, one J. E. Landon,

did unlawfully ride a motor cycle or bicycle at such a reckless speed as to endanger the safety of others against the ordinances of said City of Shawnee of such cases made and provided; and affiant prays that a warrant may issue for the arrest of said J. E. Landon that he may be dealt with according to law.' T. B. Hewlett. Subscribed and sworn to before me this 6th day of November, 1907. D. C. Flowers, Police Judge of the City of Shawnee."

That thereafter the said defendant appealed from the judgment of said police court to the district court of Pottawatomie county, Okla., and the defendant did on the 18th day of March, 1908, file his demurrer in said district court to said complaint, which demurrer is in words and figures following:

"Comes now the defendant and demurs to the complaint filed herein for the reason that the facts stated in said complaint do not constitute a public offense, and that the facts stated in said complaint do not constitute a violation of any ordinance of the said City of Shawnee. Paul F. Cooper, Attorney for Defendant. Filed March 18th, 1908."

That on the 14th day of May, 1908, said demurrer coming on to be heard, the court sustained said demurrer, and entered an order sustaining said demurrer, and a judgment dismissing said cause and for costs against the plaintiff in error. The city excepted to this ruling, and appealed to this court.

*P. O. Cassidy* and *W. M. Angart,* for appellant.—Citing: *State v. Collins* (R. I.) 17 Atl. 131; *Holland v. Bartch* (Ind.) 22 N. E. 83; *Swift v. Topeka,* 43 Kan. 671; *Mercer v. Corbin* (Ind.) 20 N. E. 132.

*Paul F. Cooper,* for appellee.—Citing: Black on Interpretation of Laws, pp. 290, 291.

FURMAN, PRESIDING JUDGE (after stating the facts as above). It is a fundamental principal of criminal law, based on manifest justice, that penal statutes are not to be enlarged by implication or extended by inference. No person can be convicted of a crime unless the act committed is clearly within both the letter and the spirit of a penal statute. To our minds it is clear that the meaning of the ordinance involved in this case is to pro-

hibit and punish the riding or driving within the corporate limits of the City of Shawnee of horses, mules, or any other beast faster than an ordinary traveling gait, or to recklessly ride or drive any such beast within the corporate limits of said city so as to endanger the safety of others, even though such riding and driving be not faster than an ordinary gait. Were it not for the latter part of the section, a defendant might ride or drive a beast upon the sidewalk in a most reckless manner and with great danger to others and still not violate the law. This section must be construed as a whole, and each of its parts considered in connection with its other parts. From this standpoint, it is clear that this ordinance was intended to regulate the riding and driving of horses, mules and other beasts, and does not include vehicles not drawn by horses, mules or other beasts. That the city may reasonably regulate the speed of bicycles, automobiles, or any other means of conveyance within its limits cannot be disputed. But it has not attempted to do so in this ordinance.

There was no error in the ruling of the trial court, and the judgment is therefore affirmed.

DOYLE and OWEN, JUDGES, concur.