## A. B. McDONALD v. STATE.

No. A-8444.  Oct. 14, 1932.
(15 Pac. [2d] 149.)

A. H. Meyer, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county of leaving the scene of a motor vehicle collision without furnishing his name or address to the occupant of the other vehicle, and was sentenced to pay a fine of $100 and to serve a term of 15 days in the county jail.

The prosecution is under the provisions of section 1, art. 9, chap. 50, of the Session Laws 1931, which provides, in substance, that, whenever a motor vehicle strikes any person or collides with any vehicle containing a person, the driver of such motor vehicle shall give to the person struck or to the occupant of the other vehicle, if requested, the number of the motor vehicle, the name of the owner and of the passengers with the address of each. This statute was plainly intended to reach what has become known as the "hit and run" driver. It requires the driver of the motor vehicle who strikes a person or collides with another vehicle to stop, and then, if requested, to furnish information which goes to the identity of the car and its driver and occupants. Some argument is made that the statute is unconstitutional as requiring a person to furnish evidence against himself or as violating freedom of speech. We are not impressed with the force of this argument. The purpose of the statute is salutary, and, without at this time going into the question fully, since it is but slightly briefed, it appears to us that this is a reasonable traffic regulation. That the car driven by defendant collided with the car driven by another is not disputed.

The evidence as to who is at fault is in irreconcilable conflict. Several of the witnesses for the state testify the car driven by defendant, while traveling at an excessive speed, struck the other car. Defendant and several of his witnesses testified the other car, while going at an excessive speed, struck the car of defendant. The parties in the other car testify that after the collision defendant's car stopped; that defendant got out of his car, came up near; they saw defendant was a negro, and none of them asked him for any information as to his name, address, or anything about the car he was driving. One witness directed another, who took down the tag number of the car driven by defendant. One witness that was in the other car testified, in substance, defendant's car stopped and defendant was out of it, and that when the witness started to pull off his overcoat defendant got in his car and left. Defendant testified, in substance, that after the collision he got out of his car for the purpose of assisting persons in the other car; that one of them pulled off his coat, cursed him, and said if he had a gun he would kill him; that defendant believed he was in danger of being assaulted, and for that reason he got in his car and left. The occupants of the other car denied that any threat was made. Some disinterested witnesses who lived near and who saw and heard what took place corroborate the defendant that threatening language was used toward him.

The offense denounced by the statute is not a collision, but is, first, the failure to stop; or, second, the failure to give information on request after stopping. Since the defendant did stop, he is not guilty unless he failed or refused to give requested information, and it is admitted that no such request was made. The fact that defendant left the scene without giving information is not a crime. It is a crime only in the event request for the information

was made. Section 1500, Comp. St. 1921. It is a fundamental principle of criminal law that there can be no constructive offenses, and statutes are not to be enlarged by construction or extended by inference to cover acts not clearly within both the letter and the spirit of a penal statute. Measured by this test, the evidence is insufficient to sustain the judgment. State v. Clifford, 3 Okla. Cr. 419, 106 Pac. 557; City of Shawnee v. Landon, 3 Okla. Cr. 440, 106 Pac. 652.

The case is reversed.

DAVENPORT, P. J., and CHAPPELL, J., concur.