## STATE v. A. C. NOBLE.

No. A-8521.   May 26, 1933.
(22 Pac. [2d] 931.)

Ted R. Fisher, Co. Atty., for the State.

B. M. Parmenter and Harlan E. Grimes, for defendant in error.

EDWARDS, P. J. This is an appeal by the state from a reserved question of law. The defendant was charged in the county court of Blaine county with operating an overloaded truck on the public highway without a proper license tag, in that he—

"did * * * operate a motor vehicle * * * with a two (2) ton tag thereon, upon a public highway, to wit: on the State Highway No. 8, said motor vehicle being then and there loaded in excess of 4,000 pounds, to wit, being loaded with a load between seven and eight thousand pounds, contrary to the form of statutes, etc. * * *"

Defendant's demurrer was sustained by the court, and the state appealed. The prosecution is based on section 10271, Okla. Stat. 1931, which section, in general, fixes the license fees to be paid on motor vehicles, providing:

"The following license fee shall be paid annually to the department of highways upon the registration of * * * motor trucks: * * *

"On motor trucks * * * in excess of three thousand (3000) pounds and not in excess of four thousand (4000) pounds carrying capacity, sixty dollars ($60.00) per annum. * * *"

Section 10279 provides that any person failing to comply with the provisions of the Motor Vehicle Act shall be subject to a fine of not less than $25 nor more than $100. Section 10271, in fixing the license fees, provides that the fees of motortrucks shall be based on "carrying capacity." It is the theory of the state that the term "carrying capacity" means the actual "carrying capacity" of the truck and not the "carrying capacity" fixed or recommended by the manufacturer, and that the carrying of a greater load than the "carrying capacity" on which the license fee is paid and the license issued is a violation of law and subjects the offender to the punishment provided by sec-

tion 10279. See the very recent case of J. B. Campbell, etc., v. Melvin Cornish et al., 163 Okla. 213, 22 Pac. (2d) 63.

It is not alleged in the information that the motortruck did not have a "license tag." But it is alleged in substance the motortruck bore "a two (2) ton tag" and was "loaded in excess of Four Thousand (4,000.00) pounds." It is not alleged the truck did not have a license tag for the correct tax for the rated carrying capacity. At the time alleged there was no statute in this state which defined a crime in operating a truck on the highway with a load in excess of the "carrying capacity." A statute to this effect was enacted by the 1933 session of the Legislature.

It is well settled that penal statutes cannot be enlarged by implication or extended by inference. Okla. Stat. 1931, § 1762; Myers v. State, 19 Okla. Cr. 129, 197 Pac. 884, 18 A. L. R. 1057; McDonald v. State, 54 Okla. Cr. 122, 15 Pac. (2d) 149. See, also, Sorrells v. U. S., 287 U. S. 435, 53 S. Ct. 210, 77 L. Ed.—; U. S. v. Reese, 92 U. S. 214-265, 23 L. Ed. 563-565.

For the reasons assigned, the case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.