Ex parte CORA ADDINGTON.

No. A-8665.   Dec. 29, 1933.
(28 Pac. [2d] 590.)

D. D. Archer and J. O. Whiteside, for petitioner.

Harlan T. Deupree, Municipal Counselor, and Ralph J. May, Asst. Municipal Counselor, for respondent.

EDWARDS, P. J.   This is an original proceeding in habeas corpus.   Petitioner alleges she is unlawfully re-

strained in the city jail of Oklahoma City by the chief of police; that she was charged in police court with vagrancy, was convicted, and appealed to the county court; that said case was then transferred to the common pleas court; that the jurisdiction of said court was challenged, the objection overruled, and she was convicted in said common pleas court and was fined $20 and is imprisoned in default of payment. Petitioner contends the common pleas court did not have jurisdiction, but that exclusive jurisdiction of appeals from the municipal court is in the county court.

The court of common pleas of Oklahoma county is created by chapter 72, Session Laws 1933. Sections 2, 5, and 8 of the act define the jurisdiction of the court as follows:

"Sec. 2. Said court shall have two judges, a clerk and two reporters as hereinafter provided. This court shall have full and complete jurisdiction of all criminal matters as heretofore and now within the power and jurisdiction of the justice of the peace courts generally and in addition thereto shall have jurisdiction in civil matters concurrent with that of the district court as hereinafter defined, and in all criminal and civil matters concurrent with the county court as hereinafter defined. This court shall be a court of record and shall have a seal in such form as may be adopted and approved by the judges of said court upon organization thereof, and it shall have concurrent jurisdiction with the district court to hear, try and determine all causes appealed to it from justice of the peace courts, and shall also have concurrent jurisdiction with the district court to hear, try and determine all civil actions both in law and equity where the amount involved does not exceed the sum of two thousand five hundred ($2,500) dollars, exclusive of interest and costs except causes involving the title to real estate and causes of action for divorce, and any action for libel and slander;

provided said court shall have concurrent jurisdiction with the district court to hear, try and determine causes for foreclosure of mechanic and materialman's liens on real estate where same does not exceed the sum of two thousand five hundred ($2,500) dollars, exclusive of interest and costs. The court shall have concurrent jurisdiction with the county court in all criminal matters and in all civil matters, except probate matters, insanity, juvenile and bastardy proceedings. Causes may be appealed from justice of the peace courts to the court of common pleas in the same manner as now or hereafter provided for appeal from justice of the peace courts to district courts and county courts of this state.

"Sec. 5. Where no provision is otherwise made in this act and except as expressly excepted in this act, said court of common pleas and the judges thereof, shall be vested with all of the powers which are possessed by the district courts of the state and the judges thereof; and all laws of a general nature shall apply to said court of common pleas as far as the same can be made applicable and not inconsistent with the provisions of this act; and the jurisdiction of this court shall be co-extensive with the limits of the county where situated. Said court shall have full power and authority to issue all process, both civil and criminal, necessary and proper to carry into effect the jurisdiction given it by law and its judgments and other determinations, and shall have and possess all the powers usually possessed by the courts of record at common law subject to the modification of the statutes of this state applicable to courts of record, except it shall not have jurisdiction to issue writs of quo warranto, ne exeat, prohibition, habeas corpus, mandamus, injunction, or other extraordinary writs except such writs as may be necessary to enable the court to enforce its jurisdiction, judgment and decrees.

"Sec. 8. The district court and the county court in this county wherein the court of common pleas is hereby established, may in its discretion at any time transfer any

cause, including causes appealed from justice of the peace courts, now pending or hereafter filed in said district or county courts to said court of common pleas in the event that the subject matter and amount involved in said cause be within the jurisdiction of said court of common pleas, as provided for in this act, and that said cause shall be proceeded with in the court to which it shall be transferred as if originally commenced therein, and the court of common pleas shall have the power to transfer to the district court any cause pending in the court of common pleas wherein the amount involved is in excess of two thousand five hundred ($2,500) dollars exclusive of interest and cost, and such cause when so transferred shall be proceeded with in the court to which it is transferred as though originally commenced therein."

Section 6453, Okla. St. 1931, is also to be considered; it is:

"In all cases before a municipal court, except a judgment rendered on confession, an appeal may be taken by the defendant to the county court, and to such court only, where the trial thereof shall be had de novo on questions of both law and fact."

There is no repealing clause in chapter 72, Laws of 1933. Repeals by implication are not favored. The statutes are pari materia, and are to be construed together.

It is evident from an examination of these sections, so far as they pertain to criminal cases, the court of common pleas is given: (1) All jurisdiction of a justice of the peace (section 2); (2) jurisdiction of appeals from justice of the peace courts (section 2); (3) jurisdiction of all original cases the same as the county court (section 2); (4) jurisdiction to issue writs and process to enforce its judgment (section 5); (5) jurisdiction of cases transferred to it by the county and district courts, within the limits enumerated (section 8); (6) jurisdiction to transfer

a certain class of cases on its docket where the subject matter is in excess of its jurisdiction (section 8).

It will be seen that general jurisdiction is not conferred, but a special and limited jurisdiction. The act nowhere authorizes appeals from municipal courts to the court created, but does specifically authorize appeals from justice of the peace courts (section 2). Power is not given to transfer to the court created appeals which have been taken from municipal courts to the county court, though such power is expressly given as regards appeals from justice of the peace courts (section 8). In fact, no mention of appeals from municipal courts is made in the act. Under the rule of "expressio unius exclusio alterius," the naming of appeals from justice of the peace courts excludes appeals from municipal courts. It appears that the act intentionally excludes from the jurisdiction of the court created appeals from municipal courts. To place any other construction on this act would be to enlarge it by interpretation. This we may not do. Section 1762, Okla. St. 1931. The following cases are analogous: Myers v. State, 19 Okla. Cr. 129, 197 Pac. 884, 18 A. L. R. 1057; McDonald v. State, 54 Okla. Cr. 122, 15 Pac. (2d) 149. It follows that the writ should be awarded discharging petitioner from the judgment of the court of common pleas. The attempted transfer from the county court being a nullity, the record should be returned to that court for such further action as it shall deem proper.

DAVENPORT and CHAPPELL, JJ., concur.