Arthur S. LAUGHTON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–112.

Court of Criminal Appeals of Oklahoma.

Jan. 4, 1977.

Rehearing Denied Feb. 1, 1977.

Rex D. Brooks, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Michael Darrah, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Arthur S. Laughton, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–75–2880, for the offense of Leaving the Scene of an Accident which Resulted in Injury to a Person without Stopping and Giving Required Information and Without Rendering Reasonable Assistance to the Injured Person, in violation of 47 O.S.1971, § 10–102. His punishment was fixed at a term of six (6) months' imprisonment and a fine of Two Hundred Fifty Dollars ($250.00), and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Officer Dennis Lippe testified that in the early morning hours of July 26, 1975, he and his partner, Officer Brewster, were traveling on Southeast 59th Street responding to a burglary call. The red light and siren on the police unit were engaged. As they approached Eden Street, a semi-tractor truck made a left turn in front of them and the police unit hit the truck broadside. The driver of the truck did not converse with him. He received a broken leg in the accident.

William C. Ramsey testified that on July 26, 1975, at approximately 2:00 a.m., he was driving east on Southeast 59th Street and observed a police car with the siren and lights on pass him. A westbound truck made a left turn directly in the path of the police car. He proceeded to the scene of the accident and attempted to assist the police officer who was pinned in the car. The defendant got out of the truck and walked around to the front of the truck. A police officer arrived at the scene and asked if anyone had seen the truck driver. Defendant was walking away from the scene toward a trailer park. The officer hollered for him to stop, and defendant stopped and then turned around. The officer proceeded after him and returned him back to the scene. He testified that the defendant did not say anything to the police officer trapped in the car, nor did he assist in trying to remove him from the car. He

further testified that in his opinion the defendant was intoxicated.

Bobby Gene Bibb testified that he was driving on 59th Street when he observed the accident. He proceeded to the scene and observed the defendant standing between the police unit and his truck. He asked the defendant to help him open the door of the police unit and defendant "started to but then he didn't." [Tr. 28] He next observed the defendant in the custody of the police officers.

Officer Nathan Pyle testified that in the early morning hours of July 26, 1975, he responded to a call involving an accident in the vicinity of 59th Street and South Eden. He asked some people at the scene as to the whereabouts of the driver of the truck. Two or three people pointed toward a trailer park. He observed a man walking in a southerly direction approximately 120 yards from the accident. He yelled for the person to stop. The subject looked over his right shoulder and began to walk a little faster. He again ordered him to stop and the person started to run. He ran after him and apprehended him approximately 250 yards from the accident. He identified that person as the defendant. He advised defendant of his constitutional rights, and the defendant acknowledged that he understood his rights. He asked defendant if he was the driver of the truck. Defendant stated that he did not know what truck the officer was talking about and that he had not been driving any truck. Defendant stated that he was not injured and did not want to see a doctor. He testified that, in his opinion, the defendant was intoxicated.

Officer Jim Highfill testified that he arrived at the scene at approximately 2:07 a.m. He observed the defendant who was, in his opinion, very intoxicated.

Dr. Gerald Butler testified that he treated Officers Lippe and Brewster at the South Community Hospital Emergency Room; that Officer Lippe had injuries which were observable without medical expertise.

The State then rested.

Defendant testified that on July 26th he arrived in Oklahoma City at approximately 10:50 p.m. He proceeded to a bar he owned and helped to clean it. He drank two beers while at the bar. He denied consuming any other alcoholic beverages. He was making a left turn into a trailer park when a crash occurred. He testified that he did not see the police unit prior to the accident. The next thing he remembered was being at the police station. He testified that he received a concussion, broken hand and chest injury in the accident.

Joyce Ferrer testified that on July 26, 1975, she was employed at defendant's tavern and he came to the tavern at approximately 11:30 p.m. Defendant helped clean and close the bar. Defendant drank "a couple of beers" and was not intoxicated at the time he departed.

The trial court permitted, at the request of the defendant, the admissibility of the testimony of Leland Bridges, taken at the preliminary hearing, due to the unavailability of the witness at the trial. Bridges testified that he was at the scene of the accident and assisted in helping the injured police officers. Someone asked defendant to help open the door and "he finally went around and helped open the door a little bit." [Tr. 93] Other officers arrived and defendant either ran or walked away from the accident. The officers stopped him "maybe 10 or 20 or 30 foot" from the scene. [Tr. 95]

In rebuttal, Officer Pyle testified that after arresting defendant he transported him to an ASAP van.

Officer Ted Carlton testified that he administered a breathalyzer test to the defendant at approximately 3:02 a.m. and the test reflected that defendant had a .17% blood alcohol content. The defense then rested.

For his first assignment of error, the defendant argues that the evidence is not sufficient to support the jury's verdict of guilty. More specifically, the defendant alleges that there was insufficient evidence to support the jury's finding that the defendant violated the statute requiring a

motorist involved in an accident to stop, offer aid, and exchange information. With this contention we cannot agree.

Actually, there are two statutes involved in the instant case, as one incorporates by reference another. The provisions of 47 O.S.1971, § 10–102 are as follows:

"(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible but shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 10–104. Every such stop shall be made without obstructing traffic more than is necessary.

"(b) Any person wilfully, maliciously, or feloniously failing to stop, or to comply with said requirements under such circumstances, shall be guilty of a felony and upon conviction thereof be punished by imprisonment for not less than ten days nor more than one year, or by a fine of not less than Fifty Dollars ($50.00) nor more than One Thousand Dollars ($1,000.00), or by both such fine and imprisonment.

"(c) The Commissioner of Public Safety shall revoke the license or permit to drive and any nonresident operating privilege of the person so convicted."

And further, 47 O.S.1971, § 10–104 provides:

"The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his correct name, address and registration number of the vehicle he is driving, and shall upon request and if available exhibit his operator's or chauffeur's license to the person struck or the driver or occupant of or person attending any vehicle collided with, and shall render to any person injured in such accident reasonable assistance, including the carrying, or the making of arrangements for the carrying, of such person to a physician, surgeon or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person."

In support of his argument the defendant cites the case of *McDonald v. State,* 54 Okl.Cr. 122, 15 P.2d 149 (1932), in which this Court held that under a 1931 statute then in effect, that there was a burden on the State to show that the occupants of the car in which the defendant collided had *requested* information and that the defendant had wilfully refused to give the same. [Emphasis added] The 1931 statute reads in part as follows:

". . . Whenever a motor vehicle strikes any person or collides with any vehicle containing a person, the driver of such motor vehicle shall stop and shall give to the person struck or to the occupant of the other vehicle, *if requested,* the number of the motor vehicle, the name of the owner and of the passengers, with the address of each." [Emphasis added]

The single distinguishing factor with the case at bar is simply that the *McDonald* case was decided upon law which is no longer in effect. This Court found that the defendant's case should be reversed in the *McDonald* case not only because the State had failed to meet the burden of showing that the exchange of information had been requested, but also because the occupants of the car in which the defendant collided with demonstrated a hostility which forced him to "leave the scene" thus removing the wilful intent on the part of the defendant in that case.

■ The provisions of 47 O.S.1971, § 10–102, supra, remove that burden from the State which requires that they show that such information was affirmatively requested by the occupants of the other car by the language used in subparagraph (a), which states:

"The driver of any vehicle involved in an accident resulting in injury to or death of any person *shall* immediately stop such vehicle at the scene of such accident or as close thereto as possible but *shall* then

forthwith return to and *in every event* shall remain at the scene of the accident until he has fulfilled the requirements of section 10–104. . . . " [Emphasis added]

In the instant case there is more than adequate evidence from which the jury could find that the defendant did wilfully leave the scene of an accident involving personal injury. There is evidence from more than one witness that the defendant was requested to help open the door of the police unit but refused; there is evidence that he "ran or trotted from the scene" and there is certainly no evidence that he offered to give anyone any information. Therefore, we hold that that portion of the statute which requires that the defendant either remain or return to the scene of an accident in which personal injury was involved is mandatory, particularly where the occupants of the other vehicle are in a conscious or unconscious or semiconscious state and are totally incapable of requesting any information. To hold otherwise would be to state that if the occupants of the other vehicle were either dead or unconscious, it would not be necessary for the driver of the other car to remain at the scene simply because the injured persons were incapable of requesting that information be exchanged. That would be an absurd interpretation of our current statute.

Finally, in the case of *Roberson v. State,* Okl.Cr., 456 P.2d 595 (1968), this Court held under circumstances where the defendant who was involved in a collision left the scene, went across the street to a service station, and entered the mens room, was subject to a lawful arrest under the statute which is now in effect.

For his second assignment of error, the defendant urges that the information on file herein does not state sufficient facts to constitute an offense. Primarily, the defendant argues that the information is not concise enough to enable a person of common understanding to know with what he is charged. With this argument we cannot agree. Defendant cites in his brief, many cases decided by this Court and other courts, which have universally held that the test of the sufficiency of an information is whether or not it alleges enough information to notify the defendant of the charges against him. And further, that a conviction for that offense would be a bar under the theory of "double jeopardy" for any subsequent prosecution for the same offense. This Court has long held to that theory and is in total agreement with the defendant in that regard. However, we are of the opinion that the information in the instant case met the requirements as outlined above. The information reads in part, as follows:

". . . and as a result of said collision, an occupant of the motor vehicle with which defendant collided as aforesaid, namely, DENNIS LEE LIPPE and DAN BREWSTER received serious bodily injuries, and the said defendant did then and there fail to immediately stop his motor vehicle at the scene of said accident and give required information or render reasonable assistance to the said DENNIS LEE LIPPE and DAN BREWSTER; contrary to the form of the statutes in such case is made and provided against the peace and dignity of the State of Oklahoma.

The information contains the normal recitations as to date of the offense, place of the offense, and furthermore specifically cites the applicable statute.

We find nothing lacking in the information which would prohibit the defendant from understanding the elements of the offense for which he was charged, or which would prohibit him from properly preparing an adequate defense. Certainly a conviction for the offense outlined in the State's information would be a bar to a subsequent conviction for the same offense. See *Fish v. State,* Okl.Cr., 505 P.2d 490 (1973) and *Stone v. State,* Okl.Cr., 442 P.2d 519 (1968).

After a careful examination of the record, we find that the information in the instant case is adequate and that it does set out the essential elements of the offense charged, does not prohibit the defendant from preparing his defense, and a convic-

tion thereon would be a bar to a subsequent conviction.

■ Finally, the Court would note with interest that the defendant failed to object to the sufficiency of the information until this matter was taken on appeal. It has long been the rule that where the accused pleads to an information and goes to a trial without first attacking the information, he has, therefore, waived his right to do so on appeal. See, *Franklin v. State,* 17 Okl.Cr. 348, 188 P. 686 (1920) and *Wright v. State,* Okl.Cr., 505 P.2d 507 (1973). Therefore, for the reasons cited above, we find the defendant's second assignment of error to be without merit.

For all of the above and foregoing reasons, the judgment and sentence appealed from is accordingly AFFIRMED.

BRETT, P. J., and BLISS, J., concur.