John STREET, Appellant,

v.

CITY OF TULSA, Appellee.

No. M–77–804.

Court of Criminal Appeals of Oklahoma.

Sept. 21, 1978.

John Street, pro se.

Waldo F. Bales, Tulsa, for appellee.

## OPINION

**PER CURIAM:**

Appellant, John Street, hereinafter referred to as the defendant, was charged, tried and convicted in the Municipal Court of the City of Tulsa, Case No. 1323137, for the offense of Improperly Displaying his License Tag, in violation of Tulsa, Okl., Rev.Ordinances, Title 37, § 166. His punishment was fixed at a fine of $15.00 and court costs. From said judgment and sentence an appeal has been perfected to this Court.

At the non-jury trial the parties stipulated that Title 37, §§ 166 and 168 were duly enacted and that certified copies of said ordinances should be attached to a transcript on appeal. Parties further stipulated that if the City Engineer of Tulsa was called to testify he would testify that the intersection of 31st and Yale is within the city limits of the City of Tulsa.

Officer Jimmy Smith testified that on the evening of March 29, 1977, he observed the defendant driving in the 3100 block of South Yale. He noticed that the defendant's license plate was upside down. He had difficulty reading the numbers and figures on the license. On cross-examination he testified that the tag was current and securely attached to the defendant's vehicle. He admitted that he could have read the tag if it had been right side up.

Officer Janice Beeler was called as a defense witness. She testified that she was the backup officer to Officer Smith. She testified that the tag was attached to the vehicle properly on the rear bumper. It was not obstructed in any way except that it was displayed upside down. She testified that it took her between five and ten seconds to ascertain what the letters and numbers were on the tag.

Defendant urges three assignments of error only one of which we deem necessary to discuss; that being that the trial court erred as a matter of law in overruling the demurrer to the city's evidence. We agree.

Tulsa, Okl., Rev.Ordinances, Title 37, § 166 states as follows:

"No person shall operate a motor vehicle upon the streets, roadways, or thoroughfares unless such vehicle displays a current and appropriate identification number plate as required by the State of Oklahoma. Plate shall be placed and fastened securely to the rear of the vehicle, and the numbers and letters of such plate shall be clearly visible at all times."

The evidence of the city taken in its most favorable light established that the license plate was current and was fastened securely to the rear of the defendant's vehicle. The numbers and letters on the license plate were not obstructed in any manner and were visible to the officer. The fact that the tag was displayed upside down, making the numbers and letters more difficult to read, would not be a violation of this ordinance.

It has long been the rule of this State that penal statutes must be strictly interpreted against the State and liberally in favor of the accused. See *Hisel v. State*, 97 Okl.Cr. 356, 264 P.2d 375 (1953), *Ex Parte Barnett*, 96 Okl.Cr. 254, 252 P.2d 496 (1953) and *Ritchie v. Raines*, Okl.Cr., 374 P.2d 772 (1962).

The judgment and sentence is accordingly REVERSED.