**STATE of Oklahoma, Appellant,**

v.

**Donald Eugene HARBERT, Appellee.**

**No. S–86–480.**

Court of Criminal Appeals of Oklahoma.

July 15, 1988.

Robert H. Macy, Dist. Atty., Gary L. Ackley, Asst. Dist. Atty., Oklahoma City, for appellant.

No appearance by appellee.

## OPINION

PARKS, Judge:

The single issue before this Court comes on a reserved question of law. Donald Eugene Harbert, appellee, was charged in Oklahoma County District Court, Case No. CRF–85–5107, with First Degree Murder (21 O.S.1981, § 701.7) (Count I) and Assault and Battery with a Deadly Weapon (21 O.S.1981, § 652) (Count II) arising from the death of Lachelle A. Goldsby and the injury to Tiffiyon Goldsby, an unborn quick child. After the State presented its evidence at a jury trial, the trial judge sustained a demurrer to Count II and ordered that the charge be dismissed, ruling that a fetus cannot be a "person" as required by statute for assault and battery. We uphold the trial court's ruling.

Lachelle A. Goldsby, was dead on arrival at a Midwest City hospital, the result of a bullet wound. She was within two (2) to four (4) weeks of a full-term pregnancy, and was kept on life support systems until the child was delivered. The child, Tiffiyon, was a normally developed, viable, near-term baby. She was not struck by the bullet that killed her mother, but was critically injured by deprivation of oxygen, with resulting lung, neurological, kidney and intestinal problems. Had the mother not died, it was predicted that the baby would have had a normal birth.

Whether a fetus can be a "person" to qualify as a victim in the assault and battery statute has never been decided by this Court. The Oklahoma Supreme Court decided over a decade ago that a common-law negligence action could be brought on behalf of a surviving child that was negligently injured before birth. *Evans v. Olson*, 550 P.2d 924, 927 (Okla.1976), reasoning that "justice requires that the principle be recognized that a child has a legal right to begin life with a sound mind and body." We find this language persuasive, but feel we have no choice but to uphold the trial court's ruling for the following reasons.

This Court must operate under the directive that nothing is illegal in this State unless it is made so by statute. *Griffin v. State*, 357 P.2d 1040, 1046 (Okla.Crim.App. 1960). Penal statutes cannot be enlarged by implication or extended by inference. *Biggs v. Watt*, 56 Okla.Crim.App. 306, 38 P.2d 587 (1935).

The legislature gave us little guidance in this area, stating merely that the word "person" "includes a corporation as well as a natural person." 22 O.S. 1981, § 4. Nor does the title dealing with definitions and general provisions provide any relief, where "person, except when used by way of contrast, includes not only human beings, but bodies politic or corporate." 25 O.S. 1981, § 16.

There is no mention that the definition of a "person" should include a fetus. Since there is a doubt, the well-established rule in Oklahoma was articulated by Judge Bussey in *State v. Humphrey*, 620 P.2d 408, 409 (Okla.Crim.App.1980): that penal statutes

are to be interpreted "strictly against the State and liberally in favor of the accused, and words not found in the text of a criminal statute will not be read into it for the purpose of extending it or giving it an interpretation in conformity with a supposed policy."

Second, the language of the statute can hardly be said to comply with the due process requirements that a criminal offense be so clearly defined that an ordinary person could determine in advance what was prohibited. Statutes creating criminal offenses must be sufficiently explicit so persons of common intelligence may understand their provisions without resorting to speculation. *Evans v. Trimble,* 746 P.2d 680, 684–85, (Okla.Crim.App.1987); *Switzer v. City of Tulsa,* 598 P.2d 247, 248 (Okla. Crim.App.1979); *Turner v. State,* 549 P.2d 1346, 1350 (Okla.Crim.App.1976).

Third, we note that the legislature specifically included a fetus in 21 O.S.1981, § 713, where the killing of an unborn quick child constitutes first degree manslaughter. *See also* 21 O.S.1981, § 714. We conclude that since the legislature made specific reference to the unborn quick child dealing with the death of a fetus, the absence of such language in the assault and battery statute indicates an intention not to include a fetus in that statute's protection. *See Love v. State,* 450 So.2d 1191, 1193 (Fla.App.1984).

We are aware that this ruling is inconsistent with the Oklahoma Supreme Court's holding in *Evans v. Olson,* 550 P.2d at 927, that a fetus can be a "person," but point out that there is a fundamental difference: the Supreme Court was interpreting a common-law negligence action. "No act or omission shall be deemed criminal or punishable except as prescribed or authorized by this code." 21 O.S.1981, § 2.

Therefore, the trial court's ruling is AFFIRMED.

BRETT, P.J., concurs.

BUSSEY, J., dissents.

BUSSEY, Judge, dissenting.

While conceding that the decisions of the Oklahoma Supreme Court are not binding upon this Court, I feel that the opinion of Justice Lavender in *Evans v. Olson,* 550 P.2d 924 (Okl.Cr.1976), interpreting the word "person" to include a viable unborn child, should be adopted for purposes of our criminal statutes. I would first note that the majority has mischaracterized the holding in *Evans* as one applying to a common law negligence action. That notion is in direct conflict with the language and holding of that case. In *Evans,* Justice Lavender held that a "person" would include a viable unborn child for purposes of 12 O.S.1971, § 1053, the wrongful death statute in force at that time. He specifically wrote "The right of action known as wrongful death accrues solely by virtue of statute." *Evans, supra,* at 927. Thus, we are not dealing with a distiction between common law causes of action and statutory causes of action; we are dealing with two statutory causes, one civil and the other criminal. The question for purposes of this appeal is whether the word "person" has the same meaning in each context. "It is emphatically the province and duty of the judicial department to say what the law is. Those who apply the rule to particular cases, must of necessity expound and interpret that rule." *Marbury v. Madison,* 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803). It is precisely that duty which this Court must exercise in this case.

I believe that the word "person" does include viable unborn children for purposes of our criminal statutes. As the majority has noted, our statutes do not give direct guidance on this question. I agree that "[t]here is no mention that the definition of a 'person' should include a fetus." Majority opinion at p. 827. Likewise, however, there is no indication that a fetus was meant to be excluded. This case is not analogous to *State v. Humphrey,* which is cited by the majority. In that case, we held that "carrying" a firearm meant physically carrying a gun, as opposed to having it in such proximity as to be easily accessible for immediate use. By including viable unborn children within the definition of

"person", we would not be moving beyond the express language of a statute. We would merely be including viable human life within the express language contained in the statute. This is not enlargment by implication or extension by inference, but application of the law to an act which is within both the letter and the spirit of the prohibiting statute. *Ex Parte Barnett*, 96 Okl.Cr. 254, 252 P.2d 496, 501 (1953).

I also believe that no due process problems arise from inclusion of viable unborn children within the meaning of "person." A person of ordinary intelligence can surely understand that an assault committed against a viable person inside the womb is no less criminal than an assault committed against a viable person outside the womb. To hold otherwise appears to defy common intelligence, and seems to require speculation instead of avoiding it.

Finally, I cannot join in the majority's finding of legislative intent to exclude unborn viable children from the definition of "person." The definition of "person" found in 22 O.S.1981, § 4 is inclusive rather than exclusive. The different treatment of an "unborn quick child" in our homicide statutes does not preclude use of an inclusive definition. Indeed, the fact that killing an "unborn quick child" is manslaughter tends to support its inclusion within the definition of "person", since proof of the *corpus delicti* is essential to any homicide prosecution, regardless of the degree. That is, "No person can be convicted of murder or manslaughter, or of aiding suicide, *unless the death of the person alleged to have been killed* and the fact of the killing by the accused are each established as independent facts beyond a reasonable doubt." 21 O.S.1981, § 693. (Emphasis added.)